STATE v. R. L. HEINES.

197 So. 787
En Banc
Opinion Filed September 20, 1940

*Robert R. Taylor* and *Thomas H. Anderson,* for Appellant;

*Carson, Petteway & Stembler,* for Appellee.

THOMAS J.—This case reaches us on an appeal under Criminal Procedure Act, Chapter 19554, Laws of 1939, from an order of the trial judge granting a motion to quash an information charging the appellee with manslaughter. The offense described was the act of appellee, who was a licensed doctor of chiropractic, in undertaking to treat the infected foot of one Henry Cole, whom he knew to be suffering from diabetes and while administering to him prescribing and instructing the patient against the use of in-

sulin which was indispensable to his recovery from the injury. It was alleged that this conduct was felonious and grossly negligent and that because of it the patient died.

A foundation for decision of the matter may be found in the opinion of this Court in Hampton v. State, 50 Fla. 55, 39 South. Rep. 421, which was cited in State v. Lester, 127 Minn. 282, 149 N. W. Rep. 297, and in State v. Karsunky, 197 Wash. 87, 84 Pac. Rep. (2d) 390.

It is clear from the Florida case that it is unimportant whether the person charged is a licensed physician or "merely assumes to act as such," the real question being the presence or absence of criminal negligence. Further the Court pointed out that this might spring from lack of competency, inattention or indifference born of ignorance and in each case the degree of misconduct was required to be gross. The criminal negligence resulting from gross incompetency, gross inattention or gross ignorance was held sufficient to charge manslaughter if the cause of death. These elements were distinguished from errors of judgment or inadvertent mistake.

While it is true that in the Florida case a positive act on the part of the defendant was shown the rule enunciated seems to encompass passivity and those acts which are negative.

Thus we proceed to the Washington case where the rule in the Florida case was applied to facts similar in essential details to those which will develop in this case if the State substantiates the allegations of the information.

There a drugless healer attempted the treatment of a man suffering from diabetes and in the process advised him that the medicine he prescribed was antagonistic to insulin and that the patient should cease the use of the latter. He likewise recommended a new and different diet. The

weight of testimony was that such treatment would cause death. The Court observed that the defendant when he undertook to administer to the sufferer "was bound to know the nature of the remedies he prescribed and also the treatment—this includes advice respecting use or non-use of anything—he adopted (discontinuance of use of insulin and unrestricted intake of carbohydrates), and he is responsible criminally for the death resulting to the patient from gross ignorance in the application of the treatment," 197 Wash. text 96, 84 Pac. Rep. (2) text 394, *supra*. In support of the conclusion that the defendant was proven guilty of manslaughter the Court gave as "apt" authority the ruling of this Court in Hampton v. State, *supra*.

The Supreme Court of Minnesota, in discussing the degree of criminal negligence necessary to be established to warrant convicting of manslaughter a physician charged with misuse of an X-ray machine, also cited the Florida decision and referred to the similarity of the statutes of the two states.

These authorities seem abundant to sustain the position of the State that the information was sufficient against the defendant's attack upon it. (See also Barrow v. State, 17 Okla. Crim. Rep. 340, 188 Pac. Rep. 351, 9 A. L. R. 207, and note 211.)

It is averred that the defendant assumed to treat the person named whom he knew to be inflicted with diabetes. It was charged that the remedy, insulin, was "indispensable" to the treatment; that the defendant advised against continued use of the drug with the result that an infection spread causing the patient's death. The information also specifically charged that the advice so given with fatal result was due to the unskillful acts and procurement, the culpable negligence and gross ignorance of the defendant.

We need add little more to what has been written in the three cases cited to show how one who is proven to have offended as detailed in the information has violated the law against manslaughter. If a person undertakes to cure those who search for health and who are, because of their plight, more or less susceptible of following the advice of any one who claims the knowledge and means to heal he cannot escape the consequence of his gross ignorance of accepted and established remedies and methods for the treatment of diseases from which he knows his patients suffer and if his wrongful acts, positive or negative, reach the degree of grossness he will be answerable to the State.

The information in this case clearly charged that the defendant was in such a position and that the death of a person was directly traceable to his gross ignorance. Whether the State can prove the material allegations is for the jury; as a matter of law, we conclude that it should have that opportunity.

Reversed.

TERRELL, C. J., BROWN and CHAPMAN, J. J., concur.

BUFORD, J., dissents.

Justice WHITFIELD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BUFORD, J. (dissenting).—The information in this case charges, "that R. L. HEINES of the County of Dade and State of Florida, on the 31st day of October in the year of our Lord, one thousand nine hundred and thirty-nine, in the county and State aforesaid, on the 31st day of October, A. D. 1939, one HENRY COLE of the County of Dade and State of Florida, was then and there suffering from some disease and sickness, injury and infection, a further and

more particular description of said disease and sickness, injury and infection being to the county solicitor unknown, and one R. L. HEINES, being then and there a duly licensed Doctor of Chiropractic of the County of Dade and State of Florida, then and there took and had charge and care of the said HENRY COLE and assumed and undertook to treat the said HENRY COLE for said disease and sickness, injury and infection, and that the said R. L. HEINES, of the County of Dade and State of Florida, aforesaid, did then and there on the 31st day of October, A. D. 1939, in the County of Dade and State of Florida, aforesaid, unlawfully, feloniously, willfully and by unskillful acts and procurement and culpable negligence and the exercise of gross ignorance and lack of ordinary knowledge and skill in medicine, and with utter disregard for the health, safety and life of the said HENRY COLE, prescribe and instruct the said HENRY COLE against the use of a certain drug, to-wit: Insulin, in a negligent attempt to cure an infection of the foot of the said HENRY COLE, and the said HENRY COLE then and there, to the knowledge of the said R. L. HEINES, was suffering from the disease known as DIABETES, in the treatment of which Insulin was indispensable and the said HENRY COLE at the time that said R. L. HEINES undertook to treat him, the said HENRY COLE, was taking said drug, Insulin; and as a result of the said R. L. HEINES prescribing that the said HENRY COLE not take Insulin, as aforesaid; the said infection spread with .such rapidity that the said HENRY COLE did die."

The information is so vague, indefinite and uncertain that it charges no offense whatever.

Even if we admit that one who is authorized by law to undertake the treatment looking to the curing or healing of disease may be held liable to prosecution for the crime of

manslaughter by, in good faith, causing a patient to desist from the taking or using of a certain drug or other treatment (which the writer is not convinced may be done), the information here fails to make such charge. This information merely charges that the accused did "prescribe and instruct the said Henry Cole against the use of a certain drug, to-wit: Insulin," etc. There is no allegation that Henry Cole followed the prescription or instruction to any extent whatever. The information is contradictory in that it alleges that "one Henry Cole of the County of Dade and State of Florida, was then and there suffering from some disease and sickness, injury and infection, a further and more particular description of said disease and sickness, injury and infection being to the County Solicitor unknown" and thereafter, it alleges, "the said Henry Cole then and there, to the knowledge of the said R. L. Heines, was suffering from the disease known as Diabetes, in the treatment of which Insulin was indispensable and the said Henry Cole at the time that said R. L. Heines undertook to treat him, the said Henry Cole, was taking said drug, Insulin."

If it be admitted that Cole was suffering from a disease or infection, the identity of which cannot be ascertained by the prosecuting officer, how is it possible for him to rightly charge that such disease or infection was negligently treated by the accused?

Certainly, it is necessary in informations attempting to charge an offense such as this to allege sufficient facts to show that the accused caused the patient to follow the prescription or instructions given by the accused and that the *following* of such prescription or instructions resulted in the death of the patient. The information before us entirely fails to meet this requirement and the order quashing same should be affirmed.